UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNCLAIMED PROPERTY RECOVERY
SERVICE, INC. and BERNARD GELB,

                      Plaintiffs.       NOT FOR PUBLICATION
-against-                            **MEMORANDUM & ORDER**
                                                  11-cv-1799 (CBA) (RER)
NORMAN KAPLAN,

                      Defendant.
----------------------------------------------------------X
**AMON, Chief United States District Judge.**

      Plaintiffs Unclaimed Property Recovery Service, Inc. ("UPRS") and Bernard Gelb, manager of UPRS, bring this action for copyright infringement, conversion, and unfair competition against their former attorney, Norman Kaplan. Kaplan has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below the motion is granted.

## BACKGROUND

      The instant copyright case arose from a prior class action litigation that was before this Court under the caption Larry S. Frankel v. James B. Cole, et al., No. 06-cv-0439 (CBA)(RER) ("the Class Action"). Plaintiff UPRS is in the business of finding unclaimed financial property (lost bonds, interest payments, dividend payments, etc.) and reuniting it with its owners. As part of the company's efforts to do so, Gelb, manager of UPRS, obtained unclaimed bond lists in 1995 from Chase Manhattan Bank, N.A. ("Chase") and contacted potential claimants, including three individuals who ultimately became plaintiffs in the Class Action—Larry Frankel, Lillian Cowan, and Barbara Brown—and obtained Powers of Attorney from them. Gelb, UPRS, Frankel, Cowan, and Brown, individually and as representatives of a class of bondholders, initiated the Class Action, in which they brought suit against Chase for violations of the

Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968, and violations of state law based on Chase's alleged mishandling of municipal bonds and deficient record keeping practices. The defendant in this action, attorney Norman Kaplan, represented all of the plaintiffs in the Class Action, including Gelb and UPRS, and filed the lawsuit on their behalf.

The documents that form the basis of this copyright action are two legal complaints and corresponding sets of exhibits that were filed in the Class Action. The "original work" is the Amended Class Action Complaint ("First Complaint") that was filed in the Class Action on May 26, 2006, along with a 305-page compilation of exhibits ("First Exhibits"). The First Complaint was signed by Kaplan and filed on behalf of UPRS, Gelb, Frankel, Cowan, and Brown, as individuals and class representatives. In this copyright action, Gelb, who is not an attorney, alleges that he, not Kaplan, authored the First Complaint and Exhibits, and that he and UPRS hold a valid copyright in those documents. According to the complaint filed in this action, Kaplan's only role as counsel in the Class Action was to sign and file documents with the Court, including the First Complaint and Exhibits.

In the Class Action, this Court dismissed the First Complaint as untimely on September 7, 2007. (Class Action DE#32.)[1] Kaplan appealed on behalf of the entire class of plaintiffs. (Class Action DE#34.) During the pendency of the appeal, Kaplan and Gelb appear to have had a falling out. Kaplan informed Gelb that he would no longer work on any of UPRS's cases and advised him to find other counsel. Kaplan, however, remained the attorney of record for the remaining plaintiffs in the Class Action, all of whom revoked their Powers of Attorney previously given to Gelb or UPRS. According to the complaint filed in this action, after Kaplan

---

[1] This Court may take judicial notice of the documents filed in the Class Action, not for the truth of the facts asserted in those documents, but only to establish their existence. See Global Network Communications, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006) ("'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

2

resigned as UPRS's attorney Gelb demanded that Kaplan return all of UPRS's files, documents, and records, including the First Complaint and Exhibits.

Gelb, although not an attorney, sought to maintain some degree of control over the claims asserted against Chase by the remaining plaintiffs in the Class Action. UPRS and Gelb obtained new counsel who on January 23, 2008, filed a motion to withdraw the appeal that was pending before the Second Circuit, not just as to their own claims but as to all the plaintiffs in the Class Action. (Class Action DE#36.) They also filed a similar class action complaint in New York Supreme Court, Queens County, on behalf of the same plaintiffs from the federal Class Action. (See Case No. 5432/08.) On April 9, 2008, the Second Circuit granted the motion to withdraw the appeal in the Class Action only as to UPRS and Gelb, but not as to the remaining plaintiffs who were still represented by Kaplan. (Class Action DE#36.) A few weeks after the Second's Circuit order, which effectively removed Gelb and UPRS from the Class Action, Gelb obtained Certificates of Registration from the United States Register of Copyrights for the First Complaint and Exhibits. The Certificates of Registration list UPRS and Gelb as co-owners of the First Complaint, and Gelb as owner of the First Exhibits.

The Second Circuit ultimately vacated this Court's dismissal of the Class Action and remanded the case for further proceedings. Frankel v. Cole, 313 F. App'x 418 (2d Cir. 2009). On remand, Kaplan sought and was granted leave to file a second amended complaint to address deficiencies raised by the Second Circuit. (Class Action DE#41-42.) The Second Amended Class Action Complaint ("Second Complaint"), filed in the Class Action on May 20, 2009, along with a compilation of exhibits ("Second Exhibits"), is the allegedly "infringing work" in this copyright action. The Second Complaint and Exhibits were signed and filed by Kaplan, on behalf of Frankel, Cowan, and Brown, as individuals and class representatives, but not on behalf of Gelb or UPRS, who by this time were no longer parties in the Class Action.

In the instant action, Gelb and UPRS allege that Kaplan committed copyright infringement when he filed the Second Complaint and Exhibits without permission. The complaint in this action also asserts a common law claim for conversion based on Kaplan's taking of UPRS's files, as well as a common law claim for unfair competition based on allegations that Kaplan misappropriated UPRS's property and competed against UPRS and Gelb. The complaint seeks statutory damages for copyright infringement pursuant to 17 U.S.C. § 504, as well as an order permanently enjoining Kaplan from copying or republishing the First Complaint and Exhibits and directing him to surrender all copies to UPRS. Kaplan has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In adjudicating a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks omitted).

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Neither will a complaint that contains only "naked assertion[s]" without "further factual enhancement." Id. at 557.

On a motion to dismiss a copyright infringement action, the court may consider the documents attached to the complaint, including the works themselves, and "the works themselves supersede and control contrary descriptions of them" contained in the complaint.

Peter F. Gaito Architecture, 602 F.3d at 61 (internal quotation marks omitted). Applying these legal standards, the Court concludes that the instant complaint must be dismissed.

## DISCUSSION

To state a claim for copyright infringement, a plaintiff most prove (1) ownership of a valid copyright in a work; and (2) unlawful copying of the work. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)); Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 69-70 (2d Cir. 1999). To prove unlawful copying, a plaintiff must show "that the second work bears a 'substantial similarity' to protected expression in the copyrighted work." Nihon, 166 F.3d at 70 (quoting Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997)).

This case raises the novel question of whether a legal complaint qualifies for copyright protection. Kaplan argues that the First Complaint and Exhibits contain only facts, which are not subject to copyright protection. See Feist Publ'ns, 499 U.S. at 344 (explaining the "fundamental axiom of copyright law" that facts are not copyrightable). UPRS and Gelb, on the other hand, argue that the First Complaint and Exhibits are analogous to a compilation and contain the requisite level of creativity to qualify as an original work. See id. at 348 (explaining that the compilation author's "choices as to selection and arrangement . . . are sufficiently original that Congress may protect such compilations through the Copyright laws").

Having reviewed the record and the parties' submissions, the Court finds that it need not reach the question of whether the First Complaint and Exhibits qualify for copyright protection. Even assuming for the purposes of deciding this motion that they do, and assuming that substantial similarity exists between the First and Second Complaint and Exhibits, a claim for copyright infringement can only be sustained if the alleged copying of the First Complaint and

Exhibits was unlawful. For the following reasons, the Court finds as a matter of law on the allegations set forth in the instant complaint that Kaplan had an implied license to use and file the complaint, and that he therefore cannot be held liable for copyright infringement.

A license is a complete defense to a claim of copyright infringement. Keane Dealer Servs., Inc. v. Harts, 968 F. Supp. 944, 947 (S.D.N.Y. 1997). The Second Circuit has held that an implied, nonexclusive license will be found "where one party 'created a work at the other's request and handed it over, intending that the other copy and distribute it.'" SmithKline Beecham Consumer Healthcare, LP v. Watson Pharm., Inc., 211 F.3d 21, 25 (2d Cir. 2000) (alterations omitted) (quoting Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 558 (9th Cir. 1990)). The leading treatise on copyright law has also stated that such a license may "be granted orally, or even may be implied from conduct. When the totality of the parties' conduct indicates an intent to grant such permission, the result is a nonexclusive license." 3 Nimmer on Copyright § 10.03[A]; see also SHL Imaging, Inc. v. Artisan House, Inc., 117 F. Supp. 2d 301, 317 (S.D.N.Y. 2000) ("An implied [non-exclusive] license can only exist where an author created a copyrighted work with the knowledge and intent that the work would be used by another for a specific purpose."); Keane Dealer Servs., 968 F. Supp. at 947 ("While exclusive licenses must be in writing, 'a nonexclusive license may be granted orally, or may even be implied from conduct.'") (quoting I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996)); Estate of Hevia v. Portrio Corp., 602 F.3d 34, 41 (1st Cir. 2010) (emphasizing that court should focus on objective manifestations of copyright owner's intent).

At oral argument on Kaplan's motion to dismiss, counsel for Gelb and UPRS conceded that Kaplan had a license to file the First Complaint and Exhibits. Indeed, there can be no dispute that Gelb prepared the First Complaint and Exhibits with the intent to deliver them to his attorney so that his attorney could revise, review, sign, and file the First Complaint and Exhibits

on behalf of the plaintiffs in the Class Action. In many respects, the relationship between Gelb and his former attorney is analogous to that between an author and his publisher. In Oddo v. Ries, 743 F.2d 630 (9th Cir. 1984), the Court of Appeals for the Ninth Circuit concluded that an author who prepared a manuscript by compiling his earlier copyrighted articles, the publication of which would infringe his copyright, and handed the manuscript over to his publisher "impliedly gave the [publisher] a license to use the articles insofar as they were incorporated into the manuscript." Id. at 634. In much the same way, a client who assists in the preparation of a legal document during the course of a litigation, and hands that document over to his attorney for filing, impliedly gives his attorney license to use that document throughout the course of the litigation.

Gelb and UPRS argue that even if Kaplan had a license to file the First Complaint and Exhibits, an implied license to use a copyrighted work is revocable at any time and, in this case, it was revoked when Kaplan resigned as the attorney for Gelb and UPRS and Gelb subsequently demanded that Kaplan return of all UPRS's files. An implied license is revocable where no consideration has been given for the license. Keane Dealer Servs., 968 F. Supp. at 947. However, "it is settled that a 'nonexclusive license may be irrevocable if supported by consideration'" because then the implied license is an implied contract. Carson v. Dynegy, Inc., 344 F.3d 446, 451-52 (5th Cir. 2003) (quoting Lulirama Ltd. v. Axcess Broadcast Servs., Inc., 128 F.3d 872, 882 (5th Cir. 1997)); see Holtzbrinck Publ'g Holdings, L.P. v. Vyne Commc'ns, Inc., 2000 WL 502860, at *5 (S.D.N.Y. Apr. 26, 2000) ("If there is proper consideration, the license remains irrevocable.").

According to Kaplan, his license to use the First Amended Complaint and Exhibits was supported by consideration in the form of the time and work he put in as attorney of record for the plaintiffs in the complex Class Action litigation. (Reply Br. at 7.) Gelb and UPRS do not

7

argue that an attorney's legal services cannot constitute consideration, but instead argue that there was no consideration in this case because "Kaplan did not do any legal work despite the fact that plaintiffs paid him for his illusory services." (Def. Br. at 15.) The Court finds this argument without merit. The docket in the Class Action, of which this Court takes judicial notice, reflects that Kaplan made at least eleven filings on behalf of UPRS, Gelb, and the other plaintiffs in the Class Action before the date that he ceased being counsel for UPRS and Gelb. (Class Action DE#1, 3-5, 7, 13-14, 18, 20, 22, 30.) Gelb argues that he did all the work in the Class Action, and that Kaplan merely filed the documents with the Court. Even taking this assertion as true, however, the Court notes that Gelb is not an attorney and thus could not have represented the other plaintiffs in the Class Action or filed the documents himself. Kaplan indisputably provided that service, and in exchange Gelb allegedly provided him with the First Complaint and Exhibits to file.

Moreover, the filing of the Second Complaint and Exhibits was well within the scope of Kaplan's license to use the First Complaint and Exhibits. Kaplan was not hired only to represent Gelb's and UPRS's interest in the Class Action, but also to protect the interests of Frankel, Cowan, and Brown—UPRS's business clients. After UPRS and Gelb withdrew from the Class Action, Kaplan continued to represent the remaining plaintiffs, and his decision to file the Second Complaint and Exhibits was consistent with his professional obligation to protect their legal interests. Indeed, it is standard practice to amend legal complaints during the course of federal litigation, and Kaplan's failure to do so likely would have resulted in the dismissal of the Class Action.

In sum, the Court holds that Kaplan had an irrevocable license to use the First Complaint and Exhibits during the course of the Class Action litigation—on behalf of not only UPRS and

Gelb but also the other plaintiffs in the Class Action—and that he acted within the scope of this license in filing the Second Complaint and Exhibits.

## CONCLUSION

For the reasons stated herein, the Court grants the defendant's motion to dismiss the plaintiffs' claim for copyright infringement. Having dismissed the only claim over which this Court would have original jurisdiction, the Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. Accordingly, the complaint is dismissed in its entirety. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2012

Carol Bagley Amon
Chief United States District Judge